NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PRINCE DEON SHOTWELL, JR., | ) | No. C 10-01274 JF (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| C. NOLLS, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, a prisoner currently incarcerated at the California State Prison in Corcoran, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against prison officials at the Correctional Training Facility ("CTF") in Soledad for allegedly unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order. Plaintiff alleges that he has administratively exhausted all his claims.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that CTF prison officials have violated his rights under the Fourteenth Amendment on March 18, 2009, when he got into a fight provoked by staff. (Compl. at 7.) Plaintiff claims that he was in the dayroom "when people began to shout that they had been in [his] C-file" and that they "described in detail[] information and objects in [his] C-file including photos of family from BP Hearing." (Id.) Plaintiff claims that he received an RVR (rules violation report) for fighting and was taken to administrative segregation ("ad-seg"). (Id.) Plaintiff alleges that at that time he noticed that a "mind map was on him... in order to investigate plaintiff [*sic*] thinking for discriminatory reasons." (Id.) Plaintiff claims that while in ad-seg, he was under harsh treatment by staff who also told him they had let inmates into his C-file in an effort to label him as "no-good in the system." (Id. at 8.) Plaintiff seeks injunctive and monetary relief.

Plaintiff's claims are insufficient because he has failed to identify and allege the specific action of each named defendant which resulted in the violation of his constitutional rights. Plaintiff makes only general allegations against "the staff." Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the

1  plaintiff can show that the defendant proximately caused the deprivation of a federally
2  protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of
3  Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a
4  constitutional right within the meaning of section 1983 if he does an affirmative act,
5  participates in another's affirmative act or omits to perform an act which he is legally
6  required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844
7  F.2d at 633.  Accordingly, the complaint will be dismissed with leave to amend for
8  Plaintiff to "set forth specific facts as to each individual defendant's" actions which he
9  contends violated his constitutional rights.  Id. at 634.

10  Although Plaintiff names Warden C. Nolls, J. Chudy, M.D., and B. Zika as
11  defendants, his only allegations against them are that they are "charged with supervisory
12  duty" to make sure "proper procedures were followed to insure that [Plaintiff's] civil
13  rights were not violated."  (Compl. at 2-3.)  Plaintiff fails to show how these Defendants
14  were personally involved in the deprivation of his constitutional right.  A supervisor may
15  be liable under section 1983 upon a showing of (1) personal involvement in the
16  constitutional deprivation or (2) a sufficient causal connection between the supervisor's
17  wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942
18  F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore
19  generally "is only liable for constitutional violations of his subordinates if the supervisor
20  participated in or directed the violations, or knew of the violations and failed to act to
21  prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).   Plaintiff makes no
22  factual allegations showing that these Defendants personally participated in or directed
23  the alleged violations other than the conclusory statement that these Defendants have a
24  supervisory duty to make sure proper procedures are followed.  Accordingly, the claims
25  against Defendants C. Nolls, J. Chudy and B. Zika are DISMISSED with leave to amend.
26  ///
27  ///
28  ///

1 **CONCLUSION**

2    For the reasons stated above, the Court orders as follows:

3    1.    The complaint is DISMISSED with leave to amend **within thirty (30) days**
4 from the date this order is filed for Plaintiff to file an amended complaint to correct the
5 deficiencies discussed above.  The amended complaint must include the caption and civil
6 case number used in this order (10-01247 JF (PR)) and the words FIRST AMENDED
7 COMPLAINT on the first page.  Because an amended complaint completely replaces the
8 previous complaints, Plaintiff must include in his amended complaint all the claims he
9 wishes to present and all of the defendants he wishes to sue.  See Ferdik v. Bonzelet, 963
10 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the original
11 complaint by reference.

12    **Failure to file an amended complaint in the time provided will result in the**
13 **dismissal without prejudice of this action without further notice to Plaintiff.**

14    2.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must
15 keep the Court informed of any change of address by filing a separate paper with the clerk
16 headed "Notice of Change of Address."  He must comply with the Court's orders in a
17 timely fashion or ask for an extension of time to do so.  Failure to comply may result in
18 the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

19    IT IS SO ORDERED.

21 DATED: 7/21/10

    JEREMY FOGEL
22  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PRINCE D SHOTWELL JR,

        Plaintiff,

  v.

C NOLLS, et al.,

        Defendants.

Case Number: CV10-01274 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/6/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Prince Deon Shotwell H-05927
CA State Prison
P.O. BOX 5248
A2 B 245L
Corcoran, CA 93212

Dated: 8/6/10

                                          Richard W. Wieking, Clerk