NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE DEON SHOTWELL, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> C. NOLLS, et al., ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | No. C 10-01274 JF (PR) <br><br> ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a prisoner currently incarcerated at the California State Prison in Corcoran, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against prison officials at the Correctional Training Facility ("CTF") in Soledad for allegedly unconstitutional acts. The Court dismissed the complaint with leave to amend. Plaintiff has filed an amended complaint and addendums thereto. (Docket Nos. 10-16.)

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that a "mind map/monitor" was placed on him and attached to wires "in order to detect plaintiff['s] thinking outwardly."  (Am. Compl. at 7.)  Plaintiff alleges that Defendants Doctors B. Zika and J. Chudy were aware of the situation and responsible for the monitor to be removed, but that they failed to do so.  (Id.)  Plaintiff claims that this mind mapping device is being used to illegally extract evidence which is being used against him.  (Id. at 9-10.)  Plaintiff alleges that he was interviewed by Defendant S. Musgrove, but that the device continued to be left on him.  (Id. at 10.)  Plaintiff claims that Defendant Warden C. Nolls was aware of the situation but did nothing.  (Id.)  Liberally construed, Plaintiff states a claim under the Fourth Amendment, against the invasion of bodily privacy.  Bull v. San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc); Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988).

Plaintiff was advised in the Order of Dismissal that he must "set forth specific facts as to each individual defendant's" actions which he contends violated his constitutional rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  He has failed to do so with respect to Defendant G. J Giurbino.  Accordingly, this defendant is DISMISSED from this action.

///

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff has made no specific allegations against Defendant G. J Giurbino in his amended complaint. Accordingly, Defendant Giurbino is DISMISSED as a party from this action. The Clerk shall terminate this Defendant from this action.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter, all attachments thereto, (Docket Nos. 10-16), and a copy of this order upon **Defendants J. Chudy, B. Zika, S. Musgrove, and C. Nolls at the Correctional Training Facility, Soledad**. The Clerk shall also mail courtesy copies of the Complaint and this order to the California Attorney General's Office.

3. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above, or, within such time, notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion.

   a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants'

1  motion is filed.

2        a.    In the event Defendants file an unenumerated motion to dismiss

3  under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.    In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiff:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> 
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

     5.    Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

     6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

     7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

     8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

     9.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 2/22/11

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PRINCE D SHOTWELL JR,

        Plaintiff,

  v.

C NOLLS, et al.,

        Defendants.

Case Number: CV10-01274 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   3/7/11  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Prince Deon Shotwell H-05927  
CA State Prison  
P.O. BOX 5248  
A2 B 245L  
Corcoran, CA 93212

Dated:   3/7/11

                                            Richard W. Wieking, Clerk